1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  MARK H. GUNDERSON, LTD.
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Tuneen E. Chisolm, Esq. (SBN: CA 211741)
6  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
7  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
8  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
9  *[ADMITTED PRO HAC VICE]*

10 Attorneys for Defendants and Counterclaimants
   Dennis Montgomery, Brenda Montgomery, and the
11 Montgomery Family Trust

12
13                          **UNITED STATES DISTRICT COURT**
14                               **DISTRICT OF NEVADA**
15

| | |
|---|---|
| 16  FRIENDLY CAPITAL PARTNERS, L.P., a California Limited Partnership, | Case No. 3:07-CV-00250-PMP-VPC |
| 17            Plaintiff, | NOTICE OF ERRATA AND AMENDED MOTION RE MONTGOMERY PARTIES' MOTION FOR A NINETY TO ONE HUNDRED-TWENTY DAY CONTINUANCE OF THE DISCOVERY CUT-OFF DATE, DISPOSITIVE MOTIONS CUT-OFF DATE; AND THE DATE FOR FILING A JOINT PRETRIAL ORDER; DECLARATION OF SKLAR TOY RE REASON FOR NOTICE OF ERRATA; **AMENDED** DECLARATION OF DEBORAH A. KLAR IN SUPPORT THEREOF |
| 18      vs. | |
| 19  DENNIS MONTGOMERY, BRENDA MONTGOMERY, and the MONTGOMERY | |
| 20  FAMILY TRUST, a California trust, and DOES 1 through 10, individually, | |
| 21 | |
| 22            Defendants. | |
| 23 | |
| 24  AND RELATED CASES. | |

25
26
27
28

Case No. 3:07-CV-00250-PMP-VPC

0039641/001/ 393673v01

## NOTICE OF ERRATA

This Notice of Errata is being filed because the Notice of Motion and Memorandum of Points and Authorities in Support of the Motion for Continuance and Declaration of Deborah Klar filed concurrently herewith were filed prematurely before Ms. Klar had an opportunity to review and approve the filing and her sworn declaration. The mistake, a result of a miscommunication, was inadvertent. The Amended Declaration of Deborah A. Klar has been reviewed and approved by Ms. Klar and is accurate. The declaration of Ms. Klar which was prematurely filed with the Court has parts of sentences missing and is not entirely accurate.

Dated: May 16, 2008

Respectfully submitted,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/S/_____
Deborah A. Klar
Tuneen E. Chisolm
Attorneys for DENNIS MONTGOMERY, the MONTGOMERY FAMILY TRUST, EDRA BLIXSETH, AND OPSPRING LLC

0039641/001/ 393673v01

## NOTICE OF MOTION AND AMENDED MOTION

Defendants Dennis Montgomery, Brenda Montgomery, and The Montgomery Family Trust (the "Montgomery Parties"), hereby move for a ninety to one hundred and twenty day continuance of: (i) the date by which discovery must be completed in this action (currently, May 16, 2008); (ii) the deadline for the filing of dispositive motions (June 16, 2008); and the date for filing a joint pretrial order (July 16, 2008 or thirty days after the decision on any pending dispositive motions). The Montgomery Parties seek to conduct discovery in this case the extent and nature of which will depend on the results of the Montgomery Parties' inspection of the books and records of counterdefendant eTreppid Technologies, LLP ("eTreppid"). In January 2008, The court ordered that eTreppid submit to that inspection in the related case known as *Dennis Montgomery, et al. v. eTreppid Technologies, LLC*, et al. Case No. 3:06-CV-PMP-VPC (Consolidated with Case No. 3:06-CV-00145 –PMP-VPC) (the "eTreppid Action."). eTreppid has yet to comply fully and completely with that Order, however, and, as a consequence, the Montgomery Parties have been unable to conduct discovery based on the Court-ordered inspection of eTreppid's books and records. Additionally, counsel for the Montgomery Parties has been fully occupied by intensive activity in the eTreppid Action. Pursuant to F.R.Civ.P. 16(b)(4), the Montgomery Parties seek a continuance of the discovery cut-off, dispositive motion cut-off, and the joint pretrial order deadline for ninety to one hundred-twenty days for good cause.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Deborah Klar, the pertinent pleadings and orders of record, and all such further evidence and argument as may be considered in further support hereof.

Dated: May 16, 2008

Respectfully submitted,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/S/_____
Deborah A. Klar
Tuneen E. Chisolm
Attorneys for DENNIS
MONTGOMERY, the MONTGOMERY
FAMILY TRUST, EDRA BLIXSETH,
AND OPSPRING LLC

3

Case No. 3:07-CV-00250-PMP-VPC

0039641/001/ 393673v01

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust (jointly, the "Montgomery Parties") move for a ninety to one hundred-twenty day continuance of (i) the discovery cut-off date (currently, May 16, 2008); (ii) the cut-off date for the filing of dispositive motions (June 16, 2008); and (iii) the date for filing a joint pretrial order (July 16, 2008 or thirty days after the decision on any pending dispositive motions). No discovery has yet been taken by any party in this case. The Montgomery Parties seek to conduct discovery in this case based on facts and documents revealed by an inspection of eTreppid's books and records that the Court ordered in the related case known as *Dennis Montgomery, et al. v. eTreppid Technologies, LLC, et al.* Case No. 3:06-CV-PMP-VPC (Consolidated with Case No. 3:06-CV-00145 –PMP-VPC) (the "eTreppid Action"). However, despite the Court having ordered eTreppid to allow a complete inspection of its books and records by the Montgomery Parties in the eTreppid Action, eTreppid has failed to permit this. This circumstance justifies a continuance of the discovery cut-off date and other dates in the Scheduling Order.

Counsel for the Montgomery Parties requests a continuance of the discovery cut-off, dispositive motion cut-off, and deadline for filing a joint pre-trial order for the additional reason that there has been very intensive activity in the eTreppid Action over the last three months that has fully occupied the resources of counsel for the Montgomery Parties. Good cause thus exists for a ninety to one hundred-twenty day extension of these deadlines in the Scheduling Order.

### II. PROCEDURAL BACKGROUND

This action was originally commenced in the Second Judicial District Court of the State of Nevada in and for the County of Washoe on April 23, 2007. [Ex. 1 (Summons and Complaint) to Petition for Removal (Docket # 1-2).] It was removed to this Court on May 25, 2007. [Petition for Removal (Docket # 1).] Defendants filed their answer to the complaint and a Counterclaim against Friendly Capital Partnership, LP ("FCP"), Warren Trepp ("Trepp"), eTreppid Technologies, LLP ("eTreppid"), and Douglas J. Frye ("Frye") on June 8, 2007. [Answer and Counterclaim (Docket # 3).]

4    Case No. 3:07-CV-00250-PMP-VPC

0039641/001/ 393673v01

To date, the activity in this action has consisted primarily of challenges to the pleadings. On July 25, 2007 counterdefendants Trepp, FCP and eTreppid (collectively, the "Trepp Counterdefendants") each filed motions to dismiss the Montgomery Parties' Counterclaim, or, in the alternative, for a more definite statement. [Docket # 21, 23 and 25.] Additionally, FCP filed a motion to strike portions of the Counterclaim. [Docket # 27.] On August 17, 2007, Frye filed a motion to dismiss the claims against him or, in the alternative, for a more definite statement. [Docket # 40.] On August 20, 2007, the Montgomery Parties voluntarily dismissed their counterclaims against Douglas Frye without prejudice. [Docket # 41.]

On August 20, 2007, the Montgomery Parties filed their First Amended Counterclaim against the Trepp Counterdefendants. [Docket # 42.] FCP and Trepp moved to dismiss the First Amended Counterclaim or, in the alternative, for a more definite statement on September 17, 2007. [Docket # 46.] eTreppid filed a reply to the First Amended Counterclaim on September 17, 2007. [Docket # 47.] The Montgomery Parties filed an opposition to the motion to dismiss on October 5, 2007 and FCP and Trepp filed their reply in support of the motion on October 19, 2007. [Docket #50 and 54.]

The Court issued a Scheduling Order in the action on December 5, 2007. [Docket # 62.] Among other things, the Scheduling Order requires discovery to be completed by May 16, 2008.

On December 21, 2007, the Court heard argument on Counterdefendants' motion to dismiss the Counterclaim. The Court raised the issue of whether it has jurisdiction and ordered defendants to file a supplemental brief on the court's jurisdiction on or before January 22, 2008. Counterdefendants were also permitted to file an additional brief concerning certain issues on January 22, 2008. [Minutes of Proceedings (Docket # 63).] On January 22, 2008, pursuant to the Court's Order, the parties filed supplemental briefs regarding Friendly Capital Partners, L.P.'s and Warren Trepp's motion to dismiss and the issues raised by the Court at the hearing on December 21, 2007. [Docket #s 65 and 66.] On February 6, 2008, Friendly Capital Partnership filed a response to the supplemental brief of the Montgomery Parties regarding jurisdictional issues. [Docket # 68.] On February 13, 2008, the Court issued its Order granting in part and denying in part the Trepp Defendants' motion to dismiss the First Amended Counterclaims. [Docket # 69.]

0039641/001/ 393673v01

The Montgomery Parties filed their Second Amended Counterclaim on March 28, 2008. [Docket # 72.] On April 21, 2008, the Trepp Counterdefendants filed a reply to the Counterclaim and a motion to strike the claim for breach of fiduciary duty alleged therein. [Docket #s 73 and 74.] On May 14, 2008, the Montgomery Parties filed a non-opposition to the motion to strike. [Docket #75.]

## III. ARGUMENT

### A. eTreppid Has Failed to Facilitate the Montgomery Parties' Completion Of The Inspection of Its Books and Records Ordered By The Court In The eTreppid Action

Fed. R. Civ. P. 16(b)(4) permits the court to modify a scheduling order "for good cause and with the judge's consent." Because eTreppid has failed to facilitate the Montgomery Parties' full and complete inspection of its books and records, good cause exists to continue the discovery cut-off date, dispositive motion cut-off date, and the joint pretrial order deadline.

By its claims in this action, FCP seeks to collect on a promissory note made by defendant and counterclaimant the Montgomery Family Trust (the "Trust"). In their Second Amended Counterclaim, the Montgomery Parties allege, among other things, that the note was procured by fraud. In substance, the Montgomery Parties allege as follows:

Trepp falsely represented to Dennis Montgomery ("Montgomery") that eTreppid required additional working capital beyond the $1.3 million that Trepp and FCP were required to cause to be contributed to eTreppid under eTreppid's Operating Agreement. Trepp further represented that in order for the Trust to maintain a 50% ownership interest in eTreppid, the Trust would have to fund 50% of the capital that Trepp claimed was needed by eTreppid and that if the Trust could not contribute that cash to eTreppid but wanted to maintain its 50% interest, Trepp would cause FCP to contribute to eTreppid the Trust's share of the capital purportedly required by eTreppid. Trepp represented that FCP's contribution of such funds to eTreppid on the Trust's behalf would be treated as a loan by FCP to the Trust. The Montgomery Parties allege that they signed the note at issue in reliance on these representations. [Second Amended Counterclaim, ¶¶ 14, 15 (Docket 72).]

0039641/001/ 393673v01

Thereafter, Trepp represented to Montgomery that eTreppid needed a further infusion of capital and that the Trust, once again, had to contribute 50% percent of the amount purportedly needed by eTreppid in order to maintain its 50% ownership interest. Trepp represented to Montgomery that in order to maintain the Trust's 50% ownership interest in eTreppid, he would cause FCP to contribute to eTreppid the Trust's share of the capital purportedly needed and that these funds would be added to the amount of FCP's outstanding loan to the Trust. In reliance on Trepp's representations, the Trust agreed to a modification of the note which, among other things, increased the amount that the Trust could and did borrow under the note. [Id. at ¶¶ 16-18.]

FCP had an obligation to Montgomery and the Trust to cause any funds deemed to have been borrowed by the Trust from FCP under the note to be actually contributed by FCP to eTreppid. In fact, FCP never contributed to eTreppid the funds that FCP purported to loan to the Trust under the note. Further, Trepp diverted eTreppid funds for his exclusive personal benefit. [Id. ¶¶ 23-26.]

To establish their defenses to FCP's note, the Montgomery Parties need to inspect eTreppid's books and records. In the eTreppid Action, the Court ordered that the Montgomery Parties be allowed to conduct this inspection, but eTreppid has not been fully cooperative. [Declaration of Deborah Klar ("Klar Decl.") ¶¶ 4-5.] At present, eTreppid has flatly refused to allow the inspection of its books and records to resume absent the Montgomery Parties' compliance with an unrelated order of the Court in the eTreppid Action. [Klar Decl., ¶5.] Discovery in this action depends on the information and documents produced by the inspection of eTreppid's books and records that the Court ordered. Accordingly, the Montgomery Parties seek a ninety to one hundred-twenty day continuance of the discovery cut-off date, dispositive motion cut-off date, and the joint pretrial order deadline so that they can complete their inspection of eTreppid's books and records and then conduct follow-up discovery.

B. **Intensive Activity in the eTreppid Action Has Hindered the Montgomery Parties' Counsel From Conducting Discovery In This Case**

For the past three months, counsel for the Montgomery Parties and counterdefendants Blixseth and Opspring have been completely occupied handling activity in the related eTreppid

Action. Docket entries in the case reveal the extent of such activity. For example, the docket in the eTreppid action reflects the following:

- February 13: eTreppid serves summons on Opspring, LLC.

- February 15: At the direction of the Court, the Montgomery Parties file brief re whether eTreppid can assert the attorney-client privilege against the Montgomery Parties (Docket # 428).

- February 15: eTreppid files motion to compel discovery (Docket # 431).

- February 20: Montgomery Parties file reply brief regarding attorney-client privilege issue (Docket # 439).

- February 21: Discovery Status Conference held (Docket # 448).

- February 25: Montgomery replies to eTreppid's opposition to Montgomery's motion to dismiss eTreppid's Counterclaim (Docket # 446).

- February 25: eTreppid files supplemental brief re attorney-client privilege issue (Docket # 443).

- February 29: Telephonic discovery hearing held regarding the hard drives seized by the FBI (Docket # 458).

- March 6: Montgomery files motion for review by District Court Judge of Magistrate Judge's February 21, 2008 Order regarding discovery (Docket # 460).

- March 10: eTreppid files motion to compel production of source code from Montgomery Parties (Docket # 461).

- March 10: Montgomery Parties file motion to stay of Magistrate's order regarding discovery (Docket # 466).

- March 10: Montgomery Parties file motion for protective order precluding production of software and technology enabling information (Docket # 467).

- March 11: Dennis Montgomery files declaration in accordance with Court's Order of February 21, 2008 (Docket # 471).

- March 12: Status Report of Montgomery Parties (Docket # 474).

- March 14: eTreppid files opposition to Montgomery Parties motion to stay Magistrate Judge's February 21, 2008 Order (Docket # 477).

- March 17: Discovery Status Conference (Docket # 481).

- March 18: Montgomery Parties file emergency motion for review of Magistrate Judge's February 21, 2008 Order (Docket # 478).

- March 18: eTreppid files opposition to Montgomery Parties' emergency motion for order staying items in Magistrate Judge's February 21, 2008 Order (Docket # 479).

- March 19: eTreppid files motion for sanctions against Montgomery Parties regarding discovery issues (Docket # 482).

0039641/001/ 393673v01

- March 21: Montgomery Parties file objections to proposed vendor protocols (Docket # 499).

- March 21: Montgomery Parties' files opposition to eTreppid's motion to compel production of source code (Docket # 498).

- March 24: eTreppid files opposition to Montgomery Parties' motion for protective order precluding production of actual software and technology-enabling information (Docket # 500).

- March 24: Edra Blixseth and Opspring LLC file motion to dismiss counterclaims of eTreppid under Fed.R.Civ.P., Rule 12(b)(6) (Docket # 504).

- March 31: Motion of Michael Flynn to conform amount of fees and costs to March 24, 2008 Order (Docket # 520).

- April 2: Discovery hearing held regarding eTreppid's document production requests and the Montgomery parties' motion for protective order (Docket # 525).

- April 7: Montgomery Parties file motion for protective order (Docket # 527).

- April 7: Montgomery Parties file opposition to eTreppid's motion for sanctions re discovery (Docket # 528).

- April 11: eTreppid files opposition to motion to dismiss eTreppid's counterclaims under Fed.R.Civ.P. 12(b)(6) (Docket #532).

- April 16: Montgomery Parties file motion to compel further responses to interrogatories by eTreppid (Docket # 535).

- April 16: Montgomery Parties file motion to compel production of all documents withheld by eTreppid under attorney-client privilege based on waiver (Docket # 536).

- April 17: eTreppid files objection to report and recommendation of Magistrate (Docket # 539).

- April 18: Montgomery Parties file response to Michael Flynn's motion to conform amount of attorney fees to March 24, 2008 Order (Docket # 542).

- April 18: Michael Flynn ("Flynn") files motion to establish procedures pursuant to Rule 3.3 of the Nevada Rules of Professional Conduct to reveal his attorney client privilege communications with the Montgomery Parties (Docket # 540).

- April 21: eTreppid files reply to Montgomery Parties' opposition to eTreppid's motion for sanctions (Docket # 544)

- April 24, Flynn files motion for sanctions against Montgomery Parties and their successor counsel (Docket # 545).

- April 25: Blixseth and Opspring file reply to eTreppid's opposition to motion to dismiss counterclaims pursuant to Fed.R.Civ.P. Rule 12(b)(6) (Docket # 559).

- April 25: eTreppid files opposition to Montgomery Parties' motion for protective order and the holding of an evidentiary hearing (Docket # 560).

0039641/001/ 393673v01

- April 29: Montgomery Parties file motion for orders sealing & striking filings by Michael Flynn (Docket # 562).

- April 30: Flynn files opposition to Montgomery Parties' motion to strike and seal Flynn motions (Docket # 564).

- May 5: Montgomery Parties file response to eTreppid's objection to Magistrate's Report and Recommendation Regarding eTreppid's Motion for Sanctions (Docket # 579).

- May 8: Montgomery Parties file opposition to Michael Flynn's Motion to Establish Rule 3.3 Procedures Pursuant to Nevada Rules of Professional Conduct (Docket # 588)

- May 9: Montgomery Parties file emergency motion for order permitting Montgomery Parties to file memorandum of points and authorities in excess of 30 pages in opposition to motion for sanctions (Docket # 590).

- May 12: Flynn files opposition to Montgomery Parties motion for leave to file memorandum of points and authorities in excess of 30 pages (Docket #591).

- May 12: Montgomery Parties file opposition to Michael Flynn's Motion for Sanctions (Docket #597)

- May 14: Request for status conference by the Montgomery Parties (Docket # 604).

- May 15: Flynn files reply to Montgomery Parties' opposition to Flynn's Motion to Establish Procedures under Rule 3.3 Motion (Docket # 605).

This intensive activity has fully occupied the resources of the Montgomery Parties' counsel over the past three months and warrants a short continuance of the discovery cut-off date in this related case.

## IV. CONCLUSION

For the foregoing reasons, the Montgomery Parties respectfully request that the Court grant a ninety to one hundred-twenty day continuance of the pending discovery cut-off date; dispositive motions cut-off date; and the date for filing a joint pretrial order.

0039641/001/ 393673v01

1 | Dated: May 16, 2008

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/S/_____
Deborah A. Klar
Attorneys for Defendants and
Counterclaimants
DENNIS MONTGOMERY, BRENDA
MONTGOMERY and the
MONTGOMERY FAMILY TRUST

0039641/001/ 393673v01

## DECLARATION OF SKLAR TOY

I, Sklar Toy, declare and state as follows:

1. I am a legal secretary employed by the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust ("the Montgomery Parties) in the action known as *Friendly Capital Partners, L.P. v. Dennis Montgomery, et al. and Related Cases*, Case No. 3:07-CV-00250-PMP-VPC (the "FCP Action"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. As the result of a miscommunication, I caused the Notice of Motion and Motion for Continuance and supporting Declaration of Deborah A. Klar to be filed on May 16, 2008 as Docket Number 76 without first seeking the review and/or express approval of Deborah A. Klar.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of May 2008, at Los Angeles, California.

_____
Sklar Toy

0039641/003/ 393674v01

## AMENDED DECLARATION OF DEBORAH KLAR

I, Deborah Klar, declare and state as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust ("the Montgomery Parties) in the action known as *Friendly Capital Partners, L.P. v. Dennis Montgomery, et al. and Related Cases*, Case No. 3:07-CV-00250-PMP-VPC (the "FCP Action"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath. The original declaration filed by my office in support of the Motion for Continuance was not reviewed by me before it was filed. As a result, apparently, of a miscommunication, the person who was responsible for the e-filing, filed the memorandum of points and authorities and my declaration prematurely, before they had been proofed and approved by me. *See* Declaration of Sklar Toy filed concurrently herewith. The filing of this Amended Declaration is necessary because my original declaration, which I did not review or sign, has sentences missing and is not accurate. The purpose of this declaration is to immediately correct the misstatements in that declaration.

2. There have been extensive challenges to the pleadings in the FCP Action but, as yet, no discovery has been conducted.

3. Under this Court's Scheduling Order, May 16, 2008 is the date by which discovery must be completed in the FCP Action; June 16, 2008 is the deadline for the filing of dispositive motions; and July 16, 2008 or thirty days after the decision on any pending dispositive motions is the date for filing a joint pretrial order. The Montgomery Parties seek an extension of these dates for ninety to one hundred-twenty days for two principal reasons.

4. I anticipated that the nature and scope of discovery that would be necessary to defend and prosecute the claims asserted in this action would be determined after the Court ordered inspection of the books and records of eTreppid Technologies, LLC ("eTreppid") had been completed. The Court in a related action known as *Dennis Montgomery, et al. v. eTreppid Technologies, LLC*, et al. Case No. 3:06-CV-PMP-VPC (Consolidated with Case No. 3:06-CV-

1  00145-PMP-VPC) (the "eTreppid Action.") ordered such inspection on January 23, 2008. However, eTreppid has refused to permit the Montgomery Parties to complete that inspection and has failed to respond to the Montgomery Parties request to inspect and copy specific documents.

5. On March 19, 2008, Deloitte & Touche commenced their inspection of the eTreppid's books and records pursuant to the Court's Order in the eTreppid Action at eTreppid's offices in Reno, Nevada . It was reported to me that it became apparent to Deloitte & Touche during the course of the inspection that numerous books and records of eTreppid were not made available for inspection and review. Further, it appeared that the boxes containing those documents had not been reviewed for purposes of discovering documents that were responsive to document requests propounded by the Montgomery Parties in the eTreppid Action.

6. Annexed hereto as Exhibit "A" is a true and correct copy of the letter dated May 1, 2008 which my colleague at the Liner firm, Tuneen Chisolm, sent to counsel for eTreppid identifying the eTreppid books and records that had been requested, but not produced pursuant to the request of Deloitte & Touche.

7. Despite repeated efforts, the Montgomery Parties have been unable to resume the inspection of eTreppid's books and records in accordance with the Court's Order. On May 15, 2008, eTreppid's counsel advised my firm by letter that eTreppid refused to allow the completion of the Montgomery Parties' inspection of eTreppid's books and records absent the Montgomery Parties' compliance with an unrelated, May 7, 2008 Order of the Court in the eTreppid Action. By Order dated May 16, 2008, the Court stayed its May 7, 2008 Order pending the Court's ruling on certain issues raised by the Montgomery Parties in the eTreppid Action. The Montgomery Parties anticipate that they will have to file a motion for sanctions and that that motion will have to be decided before they are able to resume the inspection of the books and records of eTreppid. Accordingly, the Montgomery Parties are requesting an extension of ninety to one hundred and twenty days of the subject dates.

8. A further reason the Montgomery Parties are seeking a continuance of the subject dates is because the attorney assisting me in the FCP Action, Peter Bransten, has been completely occupied by intensive activity in the eTreppid Action over the course of the past three months.

0039641/001/ 393673v01

1  Since the beginning of February 2008, there have been approximately 189 docket entries in the eTreppid Action.

9. Pursuant to my request, Mr. Bransten called eTreppid's counsel, Jerry Snyder, on May 15, 2008 to inquire whether eTreppid was amenable to stipulating to an extension of the discovery cut-off in the FCP Action. It is my understanding that Mr. Snyder was not amenable to this proposal, stating that eTreppid did not have to conduct any discovery in the matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of May 20008, at Los Angeles, California.

                                                /S/
                                      Deborah A. Klar

0039641/001/ 393673v01

CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the 16th day of May 2008, I caused to be served the within document described as NOTICE OF ERRATA AND AMENDED MOTION RE MONTGOMERY PARTIES' MOTION FOR A NINETY TO ONE HUNDRED-TWENTY DAY CONTINUANCE OF THE DISCOVERY CUT-OFF DATE, DISPOSITIVE MOTIONS CUT-OFF DATE; AND THE DATE FOR FILING A JOINT PRETRIAL ORDER; DECLARATION OF SKLAR TOY RE REASON FOR NOTICE OF ERRATA; **AMENDED DECLARATION OF DEBORAH A. KLAR IN SUPPORT THEREOF** on the interested parties in this action as stated below:

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq.
Adam G. Lang, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
E-mail: speek@halelane.com
E-mail: jsnyder@halelane.com
E-mail: alang@halelane.com
Attorneys for Plaintff/Counterdefendants Friendly Capital Partners, L.P., eTreppid Technologies, LLC and Warren Trepp

Mark H. Gunderson, Esq.
Catherine A. Reichenberg, Esq.
MARK H. GUNDERSON, Ltd., APC
5345 Kietzke Lane
Suite 200
Reno, Nevada 89511
(775) 829-1222; 829-1226 - FAX
e-Mail: mgunderson@gundersonlaw.com
e-Mail: creichenberg@gundersonlaw.com
and poneill@gundersonlaw.com

☒ [ELECTRONIC] By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

☒ [Federal]   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 16, 2008, at Los Angeles, California

_____         _____
     James R. Boyd                         *James R. Boyd* (Signature)
   (Type or print name)

0039641/001/ 393673v01