J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179
speek@halelane.com; jsnyder@halelane.com; alang@halelane.com
Attorneys for Plaintiff Friendly Capital Partners, L.P.
eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| FRIENDLY CAPITAL PARTNERS, L.P., a California Limited Partnership, | Case No. 3:07-cv-00250-PMP-VPC |
| Plaintiffs, | **OPPOSITION TO MOTION TO CONTINUE DISCOVERY CUT-OFF** |
| vs. | |
| DENNIS MONTGOMERY, BRENDA MONTGOMERY, and the MONTGOMERY FAMILY TRUST, a California trust, and DOES 1 through 10, individually, | |
| Defendants | |
| DENNIS MONTGOMERY, BRENDA MONTGOMERY, and the MONTGOMERY FAMILY TRUST, | |
| Counterclaimants, | |
| vs. | |
| FRIENDLY CAPITAL PARTNERS, L.P., a California Limited Partnership; WARREN TREPP, an individual, ETREPPID TECHNOLOGIES, LLC, a Nevada Limited Liability Company, and DOES 1 – 10 inclusive, | |
| Counterdefendants. | |

Plaintiff-Counterdefendant Friendly Capital Partners, L.P. and Counterdefendants eTreppid Technologies, L.L.C. and Warren Trepp ( hereinafter "FCP") hereby file their Opposition to Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust's (hereinafter "the Montgomery's Parties" or "Montgomery") Motion for a Continuance of the Discovery Cut-Off.

This Opposition is supported by the following points and authorities.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

This Court's December 4, 2007 Minute Order (Doc. #62) specifically and unequivocally provides that "discovery shall be completed no later than Friday, May 16, 2008." The Montgomery Parties have not made any real attempts to take discovery in this matter. The Montgomery Parties have not propounded any written discovery requests and have not noticed any depositions. Moreover, the Montgomery parties have not produced any documents in this matter, and they have not even responded to FCP's discovery requests, which were served April 16, 2008. Despite making no discovery efforts whatsoever for several months, the Montgomery Parties now insist that they need an additional 90 to 120 days to complete discovery in this matter. The Montgomery parties assert that such a stay is necessary because (1) eTreppid has limited Montgomery's access to eTreppid's books and records, and (2) Montgomery's attorneys have been "completely occupied" handling activity in the related eTreppid Action.

Montgomery's motion should be denied. First, the motion is untimely pursuant to LR 26-4, which requires that any application to extend the discovery cut-off must be filed at least twenty days prior to the discovery cut-off. Second, this Court stated in its December 4, 2007 order (Doc. 62) that "there shall be no extensions of discovery absent extraordinary circumstances." Montgomery's stated reasons to seek an extension of the discovery cut-off are simply not "extraordinary circumstances." The Montgomery Parties have made no effort whatsoever to take any discovery in this case, nor have they responded to eTreppid's discovery requests. The Liner firm, which represent Montgomery, advertises that it has "close to 80 attorneys at the leading edge of a broad range of practice areas." Given the size of the firm representing Montgomery, his assertion that his attorneys have been unable to attend to the present case because they have been absorbed in the eTreppid matter is particularly

1 hollow. The Montgomery parties have not shown any "extraordinary circumstances" to justify their
2 untimely request to continue the discovery cut-off. They should not be allowed a continuance of the
3 discovery cut-off simply because they have failed to prepare this case for trial.

## II. ARGUMENT

### A. Montgomery's Request For Continuance Should Be Denied as Untimely

LR 26-4 provides that "[a]ll motions or stipulations to extend discovery shall be received by the court no later than twenty (20) days before the discovery cut-off date or any extension thereof." In addition, LR 26-4 requires that any motion to extend the discovery cut-off shall include (1) "a statement specifying the discovery completed," (2) "a specific description of the discovery that remains to be completed, (3) a description of the reasons discovery was not completed, and (4) "a proposed schedule for completing all remaining discovery." The Montgomery Parties have utterly failed to comply with LR 26-4, and their motion should therefore be denied.

Here, the Court's Minute Order of December 4, 2007 (Doc. No. 62) provides that "discovery shall be completed no later than Friday, May 16, 2008." As such, pursuant to LR 26-4, the Montgomery Parties motion to continue the discovery cut-off should have been filed on April 25, 2007. However, the Montgomery Parties did not file the present motion until May 16, 2008 – the discovery cut-off date. As such, the present motion is untimely and should be denied.

In addition, the Montgomery parties have failed to satisfy the remaining requirements of LR 26-4. The present motion does not specify the discovery that has been completed, it does not include a specific description of the discovery that remains to be completed, and it does not include a proposed schedule for all remaining discovery. As such, the Montgomery parties have completely failed to satisfy the requirements of LR 26-4, and their request for an extension of the discovery cut-off should be denied as procedurally improper.

### B. Montgomery Has Not Demonstrated "Extraordinary Circumstances" to Justify the Present Request

This Court's December 4, 2007 Minute Order specifically provides that "there shall be no extensions of discovery absent extraordinary circumstances." Here, Montgomery has not shown the

1 existence of any such extraordinary circumstances. Instead, Montgomery asserts that he has been
2 unable to prepare for trial because (1) he has not had access to eTreppid's books and records, and (2)
3 his counsel his been "completely occupied" with the eTreppid case. Montgomery's argument is
4 unavailing.

5 Montgomery's assertion that he has not been allowed to inspect eTreppid's books and records
6 is both irrelevant and false. Montgomery has not, in the present case, made a single discovery request
7 seeking access to eTreppid's books and records. Moreover, Montgomery has made no attempt
8 whatsoever to explain what he believes such an inspection of eTreppid's books and records will show.
9 As such, his assertion that he is unable to prepare this case for trial because he has not had access to
10 eTreppid's books and records is simply unpersuasive.

11 In addition, Montgomery's counsel has been allowed a tremendous level of access to
12 eTreppid's books and records. In the eTreppid matter, eTreppid has produced several thousand pages
13 of accounting records, including virtually every bank statement, cancelled check, and reconciliation for
14 the duration of eTreppid's existence. Montgomery's accountants have spent seven person-days
15 inspecting eTreppid's electronic and hard copy records. Given the extent of access that Montgomery
16 has already had to eTreppid's records, he should be able to, at the very least, formulate written
17 discovery requests seeking production of these records. Montgomery's failure to propound such
18 discovery requests speaks volumes about the sincerity of his claim that he is unable to prepare for trial
19 because eTreppid has denied his access to its books and records.

20 Montgomery next asserts that a continuance is warranted because his counsel has been
21 "completely occupied handling activity in the related eTreppid Action." This does not constitute an
22 "extraordinary circumstance" justifying a continuance of the discovery cut-off. Montgomery has not
23 made any effort to participate in the discovery process. Indeed, Montgomery has not even responded
24 to FCP's April 16, 2008 Discovery Requests. Montgomery simply cannot credibly assert that he has
25 been unable to take even these minimal steps in the discovery process because his counsel has been
26 "fully occupied" with the eTreppid case. Montgomery's counsel, the Liner firm, advertises on its
27 website that it is staffed "with close to 80 attorneys at the leading edge of a broad range of practice
28 areas." **Exhibit 1.** Given that Montgomery is represented by a large firm with significant resources,

1  his claim that his counsel has been unable to devote any attention to the present case is unavailing.

2  Accordingly, FCP respectfully submits that Montgomery has not shown any "extraordinary
3  circumstances" to justify a continuation of the discovery cut-off.

4  **III.    CONCLUSION**

5  For the foregoing reasons, FCP respectfully submits that the present motion should be denied.

6  DATED this 3rd day of June, 2008.

_____/s/_____
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second
Reno, Nevada 89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179

*Attorneys for Plaintiff/Counterdefendants Friendly Capital Partners, L.P., eTreppid Technologies, LLC and Warren Trepp*

## PROOF OF SERVICE

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**.  I am over the age of 18 years and not a party to this action

I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On June 3, 2008, I caused the foregoing **OPPOSITION TO MOTION TO CONTINUE DISCOVERY CUT-OFF** to be:

 X    filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

| | |
|---|---|
| **Fax No. (775) 829-1226**<br>Email: mgunderson@gundersonlaw.com;<br>eguenaga@gundersonlaw.com | *Fax 310/500-3501*<br>dklar@linerlaw.com; tchisolm@linerlaw.com |
| Mark H. Gunderson, Esq.<br>Elaine S. Guenaga, Esq.<br>Mark H. Gunderson, LTD.<br>5345 Kietzke Lane, Ste. 200<br>Reno, Nevada 89511 | Deborah A. Klar, Esq.<br>Tuneen Chisolm, Esq.<br>Liner Yankelevitz Sunshine & Regenstreif, LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 3, 2008.

  \_\_/s/_____
  Cynthia L. Kelb

# EXHIBIT "1"

# EXHIBIT "1"

